**LANDRY vs. L' EGLISE.**

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Where an order of seizure and sale is stayed by injunction, the party obtaining it, is confined, in the appellate court, to the grounds on which the injunction was obtained in the court below.

Prescription does not begin to run until the creditor can sue.

A prayer that the injunction may be dissolved with twenty per cent. damages, does not authorise judgment for these damages and fifty dollars more.

Under the act of 1831, the court in dissolving an injuntion, may give damages to the amount of twenty per cent.,though they have not been prayed for.

On the 11th of April, 1813, the plaintiff executed to the defendant his promissory note, for two hundred and twenty-five dollars, payable in March, 1814, the payment of which was subsequently secured by an act of mortgage on a tract of land, bearing date July 1st, 1824. On the 28th September, 1831, the defendant obtained an order of seizure and sale, which was enjoined by the plaintiff, on the ground that the note was prescribed and the mortgage extinguished. Upon hearing, the injunction was dissolved, and in doing so, the court *a quo* decreed interest at the rate of twenty per cent. damages on the amount claimed, and the further sum of fifty dollars as special damage. From this judgment, the. plaintiff appealed.

*Labauve,* for appellant. *Janin,* for appellee.

*Porter, J.* delivered the opinion of the court.

The defendant held a promissory note of the plaintiff's dated the 11th April, 1813, secured by a mortgage, executed on the first July, 1824. The 15th August, 1831, an order of seizure and sale issued to enforce payment, of the debt thus secured.

The plaintiff applied for, and obtained an injunction to stay the execution of this writ. In his petition, he states, that

EASTERN DIST.
January, 1832.
_____

LANDRY
vs.
L' EGLISE.

the "note on which the order of seizure and sale is granted, was prescribed, and the mortgage extinguished, by the prescription established against said note."

In this petition, the defendant answered, that the matters therein contained, are not sufficient in law, to maintain the plaintiff's injunction. That the respondent's demand is not barred by prescription, and that the plaintiff's petition does not specify any, or what prescription.

The answer contains a prayer, that the injunction be dissolved, and that in dissolving the injunction, the court should condemn the plaintiff to pay twenty per cent. per annum, on the amount of the principal demand and interest. There is also a prayer for general relief.

The court below, after hearing the parties, directed the injunction to be dissolved, and the plaintiff appealed.

There is a clause in the act of mortgage, which is particular to this case. Both parties have relied on it to sustain their respective pretensions, and it becomes necessary to set it out. It is in these words, "whereas the said Denis Landry, hath by act before me this day passed, mortgaged the said land to Aubry Dupuy, it is specially stipulated, that this act shall not in any wise prejudice that made in favor of said Aubry Dupuy, and this cannot be acted on, until the other shall be fully raised and acquitted, by the said Aubry Dupuy, or by his representatives."

Where an order of seizure and sale is stayed by injunction, the party obtaining it, is confined in the appellate court to the grounds on which the injunction was obtained in the court below.

The plaintiff contends, that the mortgagee could not enforce the mortgage until the hypothecation in favor of Dupuy was cancelled, that it was a condition precedent to his right of recovery.

On recurring to the petition, presented for obtaining the order of seizure and sale, we find it expressly stated, " that the mortgage made in favor of Aubry Dupuy, has been fully raised and acquitted, and the debt of the said Aubry, fully satisfied and paid." And on referring to the petition of injunc_ tion, we perceive that the only ground laid for that writ is, that the debt is prescribed.

On argument, the petition for an injunction, was assimilated to an answer by which all facts alleged in the petition, and

not denied are considered as admitted. There is considerable analogy in the two cases. The petition for an injunction, is presumed to set out all the grounds on which the previous proceedings in the *via executiva* are deemed erroneous, and a selection of one cause would seem to be a tacit admission, that others did not exist. But whether the resemblance be as complete as was contended for or not, we are at all events clearly of opinion, that the court is confined to an examination of such matters, as are set forth in the petition for an injunction, and cannot travel out of them; for it is solely on these, the issue below was joined. The want of proof of the previous mortgage being cancelled, made no part of that issue.

The defendant and appellee relies, however, on this clause in the act, and insists that it prevented prescription running against the debt. It provides, as we have seen, that the mortgage given to the defendant should not, and could not be executed until that which the mortgager had given to Dupuy, was satisfied. By a provision in our old Civil Code, in force at the time the hypothecation was given, the special mortgage compelled the creditors to come on and cause the thing to be sold which was mortgaged to him, before he could seize any other property of the debtor. The effect of this clause, therefore, was to disable the creditor from enforcing his debt until the previous mortgage was raised. The maxim, *contro non valentem agere, non currit prescriptio*, applies in such a case as this, with as much force as it can in any other; and the plaintiff certainly opposes with a bad grace, prescription to a demand, which through his own fault the creditor was prevented from enforcing earlier by suit. We conclude, therefore, that as the plaintiff has neither alleged or shown that the mortgage to Dupuy was cancelled five years before the action was instituted, that the court below did not err in dissolving the injunction.

In directing the injunction to be dissolved, the judge ordered that the defendant recover of the plaintiff in injunction the sum of one hundred and twenty-three dollars, being interest at the rate of twenty per centum per annum on the sum of six hundred and fifteen dollars, the amount due to the

Prescription does not begin to run until the creditor can sue.

A prayer that the injunction may be dissolved with twenty per cent. damages, does not authorise judgment for these damages and fifty dollars more.

Under the act of 1831 the court in dissolving an injunction, may give damages to the amount of twenty per cent. though they have not been prayed for.

defendant, and that the plaintiff also pay the further sum of fifty dollars special damage, proved to the satisfaction of the court to be sustained by the defendant.    The plaintiff complains of these damages being excessive, and not authorised by law.    They were given, we presume, on an act of the legislature passed so late as the 26th of March, 1831.    The third section of that act is in these words : "in case the injunction be dissolved, the court in the same judgment shall condemn the plaintiff and surety, jointly and severally,to pay the defendant interest at the rate of ten per centum per annum on the amount of the judgment, and not more than twenty per centum as damages, unless damages to a greater amount be proved."    *Act of* 1831, *p.* 102.

The prayer in the answer is, that the plaintiff be decreed to pay "interest at the rate of twenty per cent. per annum on the amount of the respondent's demand, principal and interest, as specified in his order of seizure and sale, as damages."

The judgment gives the amount prayed for, and something more, viz. fifty dollars in damages.

The act seems to contemplate, that the court in dissolving an injunction may decree an interest which shall not be less than ten, nor more than twenty per centum as damages, without proof of any damage being sustained.    These are a penalty which the court may inflict even if the defendant fails to demand them.    But damages beyond that amount are clearly left subject to the general rules respecting allegation and proof, and as none were demanded or proved in this instance, the court erred in allowing them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that the injunction granted in this case be dissolved, that Pierre L' Eglise do recover of the said Denis Landry the sum of one hundred and twenty-three dollars, that the appellee pay the costs of this appeal, and the appellant those of the court of the first instance.