JAMES B. SMITH *v.* HUMPHREY TAYLOR and another.

Proof of an offer by the vendor of a slave, made while the parties were in treaty to compromise the difficulties between them, to give the vendee another in place of the one sold to him, will exonerate the purchaser from the necessity of proving, in a redhibitory action, a tender of the slave.

Where the petition was deposited in the clerk's office, by the plaintiff's attorney, before the time necessary to prescribe the action had elapsed, but, in consequence of the absence of the clerk and deputy clerk from the parish, it could not be filed, nor citation be issued until the time had elapsed, the action will not be prescribed. *Contra non valentem agere, non currit prescriptio.* And parol evidence is admissible to prove the fact of the absence of the clerk and his deputy, which rendered it impossible to institute the suit until the time had elapsed.

Parol evidence is admissible to show an agency in relation to the sale of slaves, where the object of the evidence is neither to make nor destroy the title thereto, but merely to prove an authority to negotiate as an intermediary between the owner and persons applying to purchase.

APPEAL from the District Court of East Feliciana, *Johnson, J. Muse, and Merrick,* for the plaintiff. Prescription does not

---

apply in this case. *Contra non valentem &c.* 5 Mart. 425. 7 Ib. N. S. 481. 11 Mart. 66.

*Lyons and Lawson,* for the appellant. There was no sufficient offer to return the slave. Code of Practice, arts. 404 to 418. *Janin* v. *Franklin,* 4 La. 198. The cases in 18 La. 109, 1 Robinson 167, and 3 Ib. 357, are inapplicable. The action was prescribed. Civil Code, art. 2512. 11 Mart. 11. 6 Ib. N. S. 129. 3 Ib. N. S. 688. 7 La. 176. And plaintiff's remedy is against the clerk, through whose fault his action is barred.

Bullard, J. The plaintiff claims in this action the rescision of a sale, and the restoration of the price of a slave purchased of the defendants, on the allegation that he was a habitual runaway and a thief. There was a verdict for the plaintiff, and from a judgment pronounced thereon the defendants prosecute this appeal

Upon the merits, the verdict appears to us to have been rendered upon sufficient evidence ; but the appellants apply for a reversal of the judgment upon several grounds, which we proceed to notice.

1st. That no offer to restore the slave was shown upon the trial of the cause.

Upon this point it is to be remarked, that the allegation of an offer to restore the slave before the institution of the suit, was made in a supplemental petition, which was never answered, and a judgment by default was taken upon it. The evidence of such an offer is not direct and positive ; but it is shown that the parties were in treaty to compromise the difficulty which had arisen between them, and that one of the defendants said he had proposed to the plaintiff to give him another negro in the place of the one sold to him. The jury might well infer from this evidence, that the defendants had been sufficiently put in default before this action was brought. See *Hivert* v. *Lacaze,* 3 Robinson, 357.

2d. It is next contended that the plea of prescription was improperly overruled, the suit not having been brought until more than one year after the sale. It appears that when the year was about to expire, the clerk of the District Court for the parish of East Feliciana, who was, at the same time, a member

Smith v. Taylor and another.

of the Legislature, was attending to his duties in that capacity, having left a deputy in charge of the office, and that the deputy was also absent from the parish for several days before and after the year expired. It further appears that the petition was deposited in the office, by the attorney of the plaintiff, before the year had elapsed, but that it could not be regularly filed, nor citation issued in consequence of the absence of the clerk and his deputy. These facts were shown by the testimony of witnesses, who were, in our opinion, properly permitted to testify, notwithstanding the objection of the defendants' counsel, that one of the witnesses, who was the attorney of the plaintiff, was interested, and that parol evidence is inadmissible to explain, contradict, strenghthen, or create a record. The object of the evidence was neither of these, but to show a fact, to wit, the absence of the clerk and his deputy, which rendered it impossible to institute a suit until after the expiration of the year. We think it clearly a case in which the maxim applies—" *contra non valentem agere, non currit prescriptio.*" The plaintiff had until the last day of the year to commence proceedings, and was not obliged to procure process of citation before. If, at that time, there was an impossibility to obtain the necessary process, the prescription was suspended. 7 Mart. N. S. 471. 3 La. 221.

The court did not, in our opinion, err, in permitting the testimony of certain witnesses, taken under commission, to be read to the jury, except certain answers, which appeared to the court to contain statements founded on hearsay. The other answers thus admitted, do not appear liable to the objection set forth in the bill of exceptions; nor did the court err, in our opinion, in permitting parol evidence to show an agency in relation to the sale of slaves, when the object of such evidence is neither to make nor to destroy title to slaves, but merely to prove an authority to negotiate as an intermediary between the owner and persons applying to purchase.

*Judgment affirmed.*