E. H. ROQUEST *v.* ANTOINETTE BOUTIN.

Neither a rescission of the sale nor a reduction of the price can be claimed by the purchaser of a slave affected with a redhibitory disease, if he neglects to procure the medical assistance which the situation of the slave requires, until long after the sale.

Where the answer of a witness is not responsive to the question asked, or is a voluntary statement made by him, the court may order it to be stricken out.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Durant & Hornor,* for plaintiff and appellant. *G. & C. E. Schmidt,* for defendant.

MERRICK, C. J. This is an action of redhibition brought to annul a sale of a female slave sold by defendant to plaintiff for $1000, and alleged to be afflicted with an incurable disease of a scrofulous character, and addicted to drink.

The slave was sold in March, and no physician was called until August, although some of the witnesses swear the slave had a swollen foot and leg immediately after the sale.

Three physicians have been called by plaintiff to testify in the case.

The one called to see her and treat the disease in August, calls it " Edême," (an edemetous tumour). One of the two called to examine the slave in November, terms the disease " Elephantiasis," and says it is incurable. The other says it was a tertiary syphilis, and if it had been attended to three or four months previously, he presumes the disease might have been cured long ago.

It is shown that the plaintiff had several conversations with a broker (*Bonneval,*) previous to August, in regard to the sale of the slave, giving as a reason that his family was about to move away, and fixing her price at $1200; that in these conversations, he made no mention of her being sickly, and finally told the broker he had changed his mind and would keep the negress.

The judgment of the lower court was in favor of the defendant.

We discover no error in the decree. The testimony is too uncertain to justify a judgment in favor of the plaintiff. If it be even conceded that the disease, as a syphilitic tumor, lessens her value one half, still the plaintiff is not entitled to a rescission of the sale, nor a reduction of the price, because he did not procure for her that medical assistance which, to judge from the testimony of his witnesses, her situation required, until four months after the sale. *Palmer* v. *Taylor,* 1 Rob. 412 ; *Dupree* v. *Prescott,* 5 An. 593; *Williams* v. *Talbot,* 12 An. 407.

The court did not err in receiving the testimony of *Bonneval,* as it was not offered either to make or destroy title. 10 Rob., 135, *Smith* v. *Taylor.*

And we are not prepared to say that the court erred in striking out the declaration made by the witness that, " about a month and a half ago, he had met the plaintiff at the corner of St. Ann and Chartres streets, who informed him that he had brought suit against *Boutin* for the slave," although it deprived the plaintiff of a cross-examination as to that conversation, if the court were of the opinion that the answer was not responsive to the question of the defendant's counsel, or that it was voluntarily stated by the witness. And such, we infer was the case, from the concluding portions of the bill.

Judgment affirmed.