Iesley, J.
This is a redhibitory action to rescind the sale of a slave! and to recover the price, with damages.
It is alleged and shown that the sale, with full legal warranty against’ all the maladies and defects prescribed by law, took place on' the 20th February, 1860.
It is also proved that, immediately after the sale of' the slave, the veh-' dor broke up his domicil in this State and departed for Spain, his native country, whence he has never since returned.
The sale was a fraudulent one.
The action was originally instituted on 23d June, 1863, but as the defendant, one Avsndano, against whom proceedings were commenced, as soon as it was ascertained that he was the agent of the defendant,excepted, on the ground that he was not authorized to appear in court, an attachment against the defendant’s property then, but recently dis-^ covered, was sued out.
The boy was diseased at the time of the sale, to the knowledge of the defendant, who fraudulently concealed the fact from his vendee, and the slave died of the same disease in the year 1863.
The prescription of one year is relied on to defeat the plaintiff’s claim. See Art. 2512, L. O.
This prescription is not applicable to the present case, as it falls within the exception in $ 1 of that article, which says:
“ This limitation does not apply where the seller had knowledge of tlio1 vice, and neglected to declare it to the purchaser.” ' -
In such a case, “ the action for redhibition may be commenced at anytime, provided a year has not elapsed since the discovery of the vice.” Art. 2521.
But more than a year had elapsed between the discovery of the vice and the service of the petition. ■ '
If the defendant had continued to reside in the State during the whole year after the discovery of the vice, the plaintiff’s action would-have been barred; but he broke up his establishment and quit the State permanently, before the expiration of the delay, leaving in.it neither domicil nor known agent or property, so that no process could reach him within the year; nor, indeed, until the plaintiff ascertained that he had left an" agent and property in the State, when proceedings against both were immediately oommeneed and process served. Until the plaintiff’s action was instituted, it was impossible for him to act.
He invokes the equitable rule: “contra non valentón agere non currit prcescriplio,” and it must prevail. See the eases of Morgan v. Robinson, 12 Martin, 76, O. S.; Landry v. L’Eglise, 3 La. 221; Guilliet v. Erwin, *408 7 La. 581; Smith v. Taylor, 10 Rob. 133; Martin v. Jennings, 10 A. 553; Boyle v. Mann, 4 A. 170; Reynolds v. Batson, Same v. Brenford, 9 A. 729.
It is therefore ordered, adjudged and decreed that the judgment oí the District Oourb be affirmed, with costs in this court, to be paid by the defendant and appellant.