The opinion of the court was delivered by
Egan, J.
This suit is to revive a judgment rendered by the district court of Iberville on the eleventh of May, 186&. It was filed on the *819 ninth of May, 1876, and citation and copy of petition served personally upon the administrator of the deceased judgment debtor on the next day, the tenth of May, 1876, within less than ten years from the date of the original judgment.
On motion of the defendant’s counsel a default taken upon this service was set aside on the ground that the citation did not, as required by the Code of Practice, specify the number of days within which the defendant was called on to appear and comply with the demand or file his answer. Thereupon a new citatioq was issued and regularly served, though meanwhile more than ten years had- elapsed from the rendition of the judgment sought to be revived.
The defendant pleaded the prescription of ten years and other matters of defense not necessary to be considered, as this appeal is from a. judgment dismissing the suit on the exception of prescription only.
We have been invited by counsel on-both sides to consider the effect of the act of 1858 “ to require written proof in certain cases” in connection with that of 1853 providing for the first time a prescription for judgments. Both are now embodied in the late revision of the Civil Code. We do not, however, consider it necessary to embark in that field of inquiry in the present case, to which we do not consider the former act as having any application. The sole question here is whether or not. the citation issued on the ninth of May, 1876, and served together with a copy of the petition setting forth the nature and character of the-demand upon the administrator personally on the tenth of the same month, interrupted prescription. There is no pretense that the representative of the succession was not fully informed by that service of the-nature of the demand and cause of action; none that the copy of petition' served was not a true copy, or that it was not properly certified as such,, but only that the number of days within which he was called upon to-answer was not specifically set forth in the citation.
It must be remembered that this citation was issued in the present suit, and that there is here no question of the .effect of citation in another and different suit or proceeding to interrupt the prescription pleaded.
Neither can it be now contended in the face of the frequent adjudications of this court to the contrary that citation issued and served within ten years from the date of the original judgment does not stop prescription even though the judgment of revival be not rendered till after the lapse of ten years. This is but the recognition and application to suits for the revival of judgments of the principle of legal interruption of prescription operated by citing the defendant before a court ofi' justice, whether it be a court of competent 'jurisdiction or not, recognized in articles 3516 (formerly 3482) and 3518 (formerly 3484) of the Civil Code. Indeed, that mode of interruption is specially provided by the *820 very terms of the law which provides for the prescription of judgments. See R. C. C. article 3547.
The only inquiry remaining then is whether the service of the copy of the petition in this case upon the administrator personally, not constructively, together with a citation defective only in not stating the number of days within which he was called on to answer operated such legal interruption of prescription in the present case. The copy of petition served informed the administrator fully of the nature of the suit; even the citation itself gave not only the title of the cause and of the court but also the names of the parties and nature of the action, and was properly addressed to the defendant in his capacity of administrator of the succession of Adolphe Vives, the deceased judgment debtor. Indeed, it was in all respects regular except as to the time for answering the demand, and the service seems to have been so far effective that the defendant appeared by counsel in time to prevent the ripening into final judgment of the default taken upon that service.
The reasons givcD by the district judge for setting aside the default are solely the defect as to time for answering in the original citation.
In the case of Pratt vs. Peets, curator, 3 La. 281, where prescription was pleaded against a revocatory action after the dismissal of an intervention by the same plaintiff in another suit in which he set up the same fraud relied upon in that case, Judge Matthews, as the organ of the court, said: “A mistake in the tribunal it seems will not destroy the effect of a suit in the interruption of prescription; and by analogy it ought not when the error occurs in the manner of prosecuting such suit in consequence of which it is dismissed.” And the court overruled the plea of prescription.
In White vs. McQuillan, 12 L. 533, prescription was pleaded against promissory notes and it was urged that a previous imperfect service of citation did not interrupt prescription. There the service as in this case was personal, and the defect was that the copy of petition was not certified by the clerk under seal of his office. Judge Bullard, as the organ of the court said: “ We are of opinion that the service of the citation together with a copy of the petition, although it may not appear that the copy was duly certified by the clerk, is a sufficient judicial demand to interrupt prescription.” In Flower et al. vs. O’Connor, prescription was pleaded against a promissory note payable and belonging to a commercial firm dissolved by death of one of the partners. Suit had been previously brought before prescription had run upon the same note by the surviving partner as such, but without authority to represent the heirs or representatives of the deceased partner, and was for that reason dismissed as of nonsuit. It was claimed that prescription was thereby interrupted, and the court said : “ It is a well-settled doctrine in our *821 jurisprudence that one of the modes of interrupting prescription is by citing the possessor or debtor before a court of justice; that it matters not whether the suit is brought before a court of competent jurisdiction or not; that prescription is interrupted by suit, although the plaintiff therein be nonsuited ; that, a mistake ought not to destroy the effect of such suit when the error occurs in the manner of prosecuting it in consequence of which it may be dismissed;” and cites a number of authorities in support of the views expressed. The court then proceeds to review the whole question, and, after an apt quotation from Pothier, says: “It is clear from this doctrine of Pothier that in order to determine the effect and extent of a legal interruption we must inquire more particularly into the object and cause of the action than into the right of the plaintiff, the manner in which it is prosecuted, and the competency of the court in which it is instituted, and endeavor to ascertain how far the knowledge of the titles on which it is founded has been brought home to the defendant by the judicial demand; and wo do not hesitate to conclude that if it be established that the defendant has been judicially notified of the titles which are the foundation of the demand for the whole property or of the debt so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by suit, there results from said suit a legal interruption in favor of those to whom such rights may belong; and such the court says seems also to be the true spirit of our own law, citing C. C. 3484, now 3518, to the effect that “ a legal interruption takes place when the possessor has been cited to appear before a court of justice on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
In the case of Driggs vs. Morgan, 10 R. 120, there were two citations, one of which, issued and served before prescription had run, was excepted to as insufficient, whereupon the plaintiff, as in this ease, caused a new citation to issue, and the defendant pleaded prescription to the action which was to recover damages ex delicto. The court below overruled the plea and the Supreme Court affirmed the ruling, and in so doing said the defendant could not have been mistaken as to the court before which he was called on to answer; that the citation was headed and issued from the district court of the Fourth Judicial District for the parish of Pointe Coupée, where the suit was stated to be pending, and was signed by the clerk with the attestation of the name of the judge of that court. The exception was that the citation required the defendant to file his answer “ in the office of the clerk of the court of the parish aforesaid at the court-house, at Pointe Coupee.”
This suit was prior to the constitution-of 1845, and parish courts *822 were still in existence; there was therefore more substantial ground of error or objection than in the present case, although it is proper to add that the court thought the original citation good.
in Barrow vs. Shields, 13 An. 58, Judge Buchanan, as the organ of the court, said: “It is immaterial for the purpose of interruption of prescription whether the debtor be cited before a court of competent jurisdiction or not. Neither does any error in the form of the action nor the rejection of the creditor’s demand by the final judgment thereupon have the effect of avoiding the interruption of prescription resulting from citation; for these clauses of the 2247th article of the Code Napoleon which declare that the interruption of prescription is considered as “ non avenue” if the suit be informal or if the demand be rejected, have not been copied into our Code. The only portion of that article adopted by our legislature is the clause “Si le demandeur se desiste de sa demande,” citing C. C..3485, now 3519. In the same case Judge Merrick says, citation eo nomine is not essential to interrupt prescription; that a subpcena in chancery is equivalent to citation, citing 15 La. 485; so, also, where citation is waived, C. P. 177; that a reconventional demand has like effect, citing Morgan vs. Briggs, before quoted. 10 R. 119. Judge Spofford in the same case, p. 70, says: “It would seem that the interruption takes place whenever the debtor is brought into court, no matter how irregularly or improperly, to answer on account of the debt in a suit to which the creditor is a party,” and further •“ under a similar textual provision it has been held in Prance that the •appearance of a warrantor in a cause, cited only at the instance of the defendant, if he sets up a defense to the plaintiff’s demand, will interrupt the prescription pleadable by the warrantor against the plaintiff,” •and cites Dalloz, 32,1,164. In Morton vs. Valentine, 15 A. 150, the plaintiff recovered a judgment in Mississippi, where there was a statute providing that judgments shall not be revived by scire facias, nor shall any •action of debt be instituted thereon after the expiration of seven years from the date of that judgment. The defendant removed to Louisiana andwas sued upon the judgment which was revived by scire facias in Mississippi, after it had become barred by the statute. He pleaded the prescription of seven years under the Mississippi statute,' and his plea was overruled. We only allude to this with the other cases to show the tendency of our jurisprudence. But we now come to other decisions more directly apposite to the case at bar. In Smith vs. Taylor, 10 R. 133, Bullard, judge, as organ of the court, held that where the petition was deposited in the clerk’s office by the plaintiff’s attorney before the time necessary to prescribe the action had elapsed, but in consequence :Of the absence of the clerk and deputy clerk from the parish it could not be filed nor citation issued until the time had elapsed, the action will *823 not be prescribed. “ The court said the plaintiff had until the last day of the year to commence proceedings, and was not obliged to procure process before. If at that time there was an impossibility to procure the necessary process the prescription was suspended.” Citing 7 N. S. 471, 3 La. 221. In N. O. Canal and Banking Company vs. Tanner, 26 An. 273, our immediate predecessors held that prescription was interrupted by a citation issued by a person cle facto in possession of the clerk’s office in 1873, although he was so under authority of a government they did not recognize.
In Leon vs. Bouillet, 21 An. 651, it was held that citation served upon one whose native language is French when the petition is written only in English will interrupt prescription, and yet the law was at that time, 1865, even more positive on this subject, and the reasons for requiring service in the native tongue of the defendant much stronger than those which require the number of days for answer to be stated in the citation. No one will question that exception to the service made in the case just quoted should have been sustained in limine, and new service ordered, and such was the ruling of the court, but it also said that though the words “must be” were used in the article of the Code of Practice, 172, it was no more than was done in relation to' all the other forms of a petition, such as names, surnames, etc. But the Code does not pronounce the absolute nullity of a petition defective in these particulars. It held the nullity only a relative one, and that while the defendant had a right to require service in his native tongue it did not' follow that the suit must be dismissed, and cited 7 La. 413, Thomas vs. Baillio, where the precise point was ruled in the same way. In the last-named case the court cited as analogous the case of Lowery vs. Kline, 6 La. 380, where the exception was that the petition did not set forth the residence of the plaintiff. In the 21 An. case the court held that the exception was one required to be made in limine litis, and say: “We must conclude therefore that the defendants had been cited to appear before a court of justice, and that prescription was thus interrupted,” citing the cases of White vs. McQuillan and Flower vs. O’Connor already reviewed in this opinion, and also 4 La. 418, and 4 R. 258, of which we will only remark that they sustain the ruling in.question. If, however, we were to consider alone the authority of Smith vs. Taylor, 10 R., where the petition was merely deposited in the clerk’s office the day before prescription was complete, and the later case of Canal Bank vs. Tanner, 26 An., is it not manifest that the plaintiffs have brought themselves within the rule in both cases, and that they had done more than was done in 4 R. and 21 An. cases, by procuring the service upon the defendant of a citation and copy of petition from which he could not fail to understand the nature and object of the demand? The plaintiffs *824 were not responsible or in fault for the omission of the clerk, whose duty it was to state the number of days in the citation. So far from abandoning, or discontinuing, or not making their demand, they -were pressing it by all means in their power; and we think that the administrator, the representative of the succession, “had been cited to appear before a court of justice” to answer the demand, and that the objection to the citation was of such character that it should have been made before the default, which the court erred in setting aside. That, however, is unimportant, as we are only now concerned with the first service and citation as affecting the question of prescription, which we think was interrupted by it.
It is therefore ordered, adjudged, and decreed that the judgment of the court below sustaining the defendant’s plea of prescription be and it is avoided and reversed; and it is now ordered and adjudged that the plea of prescription be and it is overruled, and the case remanded to be proceeded with according to law, the defendant and appellee paying costs of appeal.