# 7708

Court of Appeal — Parish of Orleans

- - - - - - - - -

No. 7708

- - - - - - - - -

John Bergstrom

versus

Henry Spillman

- - - - - - - - -

- - - - - - - - -

By Finkelsdiel, J.

## By Dinkelspiel, J.

This suit is instituted claiming damages in the sum of $1500.00, which plaintiff asserts he has suffered by reason of having been publicly defamed by defendant, Spillman, now deceased. The defamation consisting in plaintiff having frequently been called vile and vulgar names by defendant in the presence of a number of witnesses.

The damages claimed by plaintiff is to recover for the shame, humiliation and obloquy, alleged to have been suffered by him through the defamation of his character by the defendant, Spillman.

The petition in this case was filed in the Civil District Court on the 8th of October, 1914, and on the same day a citation and a copy of the petition was issued by the Clerk of Court, same was received by the Sheriff on October 12, 1914. Neither the citation nor the copy of petition was served upon the defendant Spillman, who, as alleged in the supplemental petition filed in this case on September 2, 1915, had died, but whose succession had been opened, and in which succession a testamentary executrix had been appointed, and who by this supplemental petition was made a party defendant in this suit.

The record further shows that on September 2, 191 , a citation and a copy of the supplemental petition was issued by the Clerk of the Civil District Court, directed to the Succession of Henry Spillman, through Eloise Spillman, Testamentary Executrix, and on September 2, 1915, the said citation and supplemental petition, as well as the original citation and the original petition, were personally served on said Testamentary Executrix on the 6th of September, 1915. The Executrix filed exceptions to the suit, relying chiefly on the exception that no valid citation had issued in this—

cause. These exceptions do not appear to have been fixed for trial until December 18, 1918, more than three years thereafter, and were tried on December 30th of the same year, and the exception to the validity of the citation maintained and citation annulled.

Subsequently, on July 31, 1919, a new citation was issued, which was served upon the same day, also upon the Testamentary Executrix of the Succession. On February 3, 1919, the defendant Executrix further excepted to plaintiff's petition, first on the ground that the same discloses no cause of action against the estate, and upon the further ground, second, that the action sued on is prescribed by the prescription of one year.

The plea of prescription having been maintained by the Judge of the Court a quo, the plaintiff has appealed to this Court.

There is nothing shown in this record to indicate why the first exception as to the validity of the citation of September 2, 1915, was maintained by the Judge a quo, but as both counsel in their briefs set up the fact that same was held to be invalid for the reason that the Clerk of the Civil District Court failed to insert the number 5 after the printed 191 shown on the face of the citation, and which was to indicate the year in which same had been issued, and for that reason alone the Judge maintained the nullity of the citation.

In as much as plaintiff herein made no objection to the judgment of the Judge a quo decreeing citation null, but on the contrary has acquiesced in said judgment and had a new citation to issue, we are not called upon to pass upon the correctness vel non of the District Court's action upon that issue.

The record in this case also fails to enlighten us as to the reason for which the Judge a quo maintained the exception of prescription, but again referring to the briefs filed in this suit, we find said exception was maintained for the reason that the original citation having been declared invalid or null, there had been no citation whatever until that of January 31, 1919, which having been served more than five years after the cause of action is said to have accrued, and more than four years after the filing of the original petition, therefore came within the prescription of one year, as set out by Civil Code for instituting suits of this character.

Counsel for defendant in support of the ruling of the Court a quo relies mainly upon the case of Schwartz vs. Lake, reported in 100 La. 1002, where the Court held: "That a citation not signal by the clerk was no citation at all, hence could not interrupt prescription."

A careful reading of that decision, and particularly the citation itself, copy of which in full is set out in the opinion of the Court, shows that not only was that citation not signed by the clerk, but not a single date had been filled in by him and therefore this citation was properly held by the Court to have been no citation whatsoever and naturally could not serve as an interruption of prescription.

In the Schwartz case above referred to, the Court did make a distinction between citations serving as a basis afor judgment and citations for the purpose of interrupting prescription, and in so doing pointing out a long line of the Court's opinions, none of which were ever overruled by the Court, but the judgment in the Schwartz case being based only on the ground that the citation in question had not been signed by the clerk, notwithstanding the fact that it also

325

had specially called to its attention that the same citation bore no date whatsoever.  Therefore, it is a very doubtful question, in our opinion, had the absence of date from the Schwartz citation, been the only question involved, whether or not the Court would have followed the long line of decisions referred to by it and held that such a citation, though not technically perfect in form, was nevertheless sufficient for the purpose of interrupting prescription.

As a matter of fact, since the decision relied upon by counsel for defendant, the Supreme Court has had occasion to pass upon a number of citations which have not strictly complied with the requirements of Article 179 of the Code of Practice, and in each of the cases referred to the Court maintained the citation sufficient for the purpose of interrupting prescription.  118 La. 344-494; 132 La. 873.

The only fault or informality in the citation issued in this case is the absence of the number 5 after the printed 191.  Otherwise, it is perfect as to form and in every respect, both the day, the month being correctly set out in the return of the Sheriff, which shows the day, month and year that same was served.  Added to this is the fact that this citation was issued with a supplemental petition, the sole object of which was to make proper parties to this suit after the death of the defendant, and at the time it was served the original citation, perfect in every respect, was also served upon the Testamentary Executrix of this Succession.

Under these circumstances, as determined by us, and in view of the long line of decisions extending from 10 Rob. 133 to 132 La. 873, we cannot hold that the citation complained of was so utterly defective as to form, so as to prevent it as acting as an interruption of prescription.

For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment of the District Court, maintaining the plea of prescription of one year, set up by the Executrix, Eloise Spillman, in the Succession of Henry Spillman, be annulled, set aside and reversed; and it is further ordered, adjudged and decreed that this case be remanded to the District Court for further proceedings, according to law, and the costs of this Court to be paid by Eloise Spillman, the Executrix of the Succession of Henry Spillman. Costs of the District Court to await final determination of the suit.

Judgment reversed; case remanded.