## WADLOW v. ROSE et al.

Circuit Court of Appeals, Fifth Circuit.
July 7, 1927.

Rehearing Denied August 10, 1927.

No. 5038.

Limitation of actions ⊕═85(2)—Action held not barred in Louisiana for failure to serve process, where defendants were without state immediately preceding last day for service.

In Louisiana, where maxim "Contra non valentem agere non currit præscriptio" is in force, action for damages for personal injuries *held* not barred for failure to procure service of process within one year, where defendants were absent from state for three weeks immediately preceding last day before action was prescribed.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Action by Emelie Wadlow, through her guardian, Mrs. T. W. Wadlow, against Mrs. William M. Rose and husband. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

George H. Terriberry and H. F. Stiles, Jr., both of New Orleans, La., for plaintiff in error.

Edward Rightor and Eugie V. Parham, both of New Orleans, La., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was an action to recover damages for personal injuries alleged to have been sustained on August 18, 1925. The plaintiff's petition was filed on August 12, 1926, but the defendants were not served with process until August 19, 1926, upon which last-mentioned date they returned to the state after an absence therefrom beginning on July 26, 1926. The District Court sustained a plea of prescription because of the failure to procure service of process within one year, and dismissed the action.

The plaintiff relies for reversal of the judgment on an old Roman maxim, "Contra non valentem agere non currit præscriptio." It was early recognized that this maxim was in force in Louisiana, although it had not been adopted by statute. Ayraud v. Babin's Heirs, 7 Mart. (N. S.) 471; Landry v. L'Eglise, 3 La. 219; Martin v. Jennings, 10 La. An. 553. In giving effect to it, the courts of Louisiana have held that prescription does not run against a party who is unable to act on the last day before the action is prescribed, although suit might have been brought at

an earlier date. Smith v. Taylor, 10 Rob. 133; Lewis v. Morgan, 14 La. An. 401.

The defendants contend, in support of the ruling of the District Court, that the maxim relied on by plaintiff is no longer in force in Louisiana, and cite Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175, and Schwartz v. Lake, 109 La. 1081, 34 So. 96. In the first of these cases the question was whether prescription ran against an imbecile, and it was held that it did not; but the court apparently recognized the authority of the maxim in cases where it was impossible to obtain service of process. Although the case of Schwartz v. Lake contains a statement that the maxim does not prevail, citing Cox v. Von Ahlefeldt, yet the question for decision was whether the citation was faulty because it had not been signed by the clerk, and the ruling was that a citation without the clerk's signature had no validity. It would seem that the maxim was not before the court for consideration in the Schwartz Case. However that may be, in Jones v. T. & P. R. Co., 125 La. 542, 51 So. 582, 136 Am. St. Rep. 339, which appears to be the latest case on the subject, the maxim was again recognized and applied. On the whole, we are of opinion that the decisions of the Supreme Court of Louisiana are to the effect that the maxim still has the force and effect of a statute.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.