Morphy, J.
The defendant, Sheriff the parish of Iberville, is sued for damages to the amount of eight hundred dollars, on the allegation that he wrongfully seized and carried away from a public livery stable, kept by one Isaac Ashbrook, in the town of Plaquemines, a stallion called Little Red, the property of the petitioner, and that although he was duly warned and notified that .said horse belonged to the petitioner, and was shown his title to *535 the same, he persisted in his illegal proceeding, and actually sold the said horse, on the 3d of February, 1844. The defendant denied being indebted to the plaintiff, and averred that under a writ of fieri facias, in a suit of John J. Burk v. Isaac Ashbrook, and by the direction of the said John J. Burk, Ire seized in the possession of Ashbrook the stallion in question.; that having been notified that the horse was not the property of the defendant in execution, he advised John J. Burk of the fact, but that the latter insisted on the seizure and sale of the horse as the property of Ashbrook, and gave respondent a bond with Jean Baptiste Rils, as surety, to indemnify him for all damages he might sustain in consequence thereof; and that he thereupon executed the,writ by seizing and selling the horse. The Sheriff prays that Burk and Rils be cited in warrranty to defend this suit, and, that he have, against them in solido, judgment for such sum as he may be decreed to pay to the plaintiff. The parties cited in warranty answered, by denying the defendant’s right to call upon then! under their indemnity bond, because he was not authorized by law to require of them such a bond, the property seized being personal property found in the actual possession of Ashbrook, the defendant in the execution, which it was his official duty to levy upon. They deny that they ever had, before the sale, any notice of any outstanding title in any other person than Ashbrook, except from the latter’s assertion, which they were justified in disregarding. They deny plaintiff’s ownership, and aver, that if he ever had any title to the horse, he had no longer such title at the time of the seizure and sale, having lost the same by prescription, and by suffering the said Ashbrook, for a number of years to remain in possession of the horse, and to act as the ostensible owner of the same, &c. The case was laid before a jury who gave their verdict for $337 33, in favor of the plaintiff- against the defendant, and for a like sum in favor of the latter against his warran-tors ; a motion for a new trial having been overruled, and judgment entered up in conformity with the verdict, the defendant and warrantors appealed.
The evidence conclusively establishes the plaintiff’s ownership of the horse, which he bought in 1835, from Wm. H. Bell, for $400. It further shows, that at the time of his purchase, the *536 horse was at the public livery stable of Ashbrook, and continued to be kept there for plain tiff up to the date of the seizure; that the Sheriff was informed by Ashbrook, that the horse was the property of the plaintiff; but that having received an indemnifying bond from the plaintiff in the execution, who insisted on his levying under his writ, he seized and sold the horse, which was bought by the said plaintiff for $32. The bond recites, that Ashbrook had denied having any claim or property in the horse, and at the Sheriff's sale the plaintiff had his title to the same exhibited and read. There is some diversity of opinion among the witnesses as to the value of the horse at the time of the sale, their estimates ranging from $150 to $400. One of them says, that he came to the sale, intending to bid the latter sum, which he would have given, if he could have had a good title to the horse. We cannot say, under the evidence, that the amount awarded by the jury is excessive as is urged by the appellants. It is given not only for the actual value of the horse, but also for the damages claimed, the assessment of which is the peculiar province of the jury. Some reliance is placed on the circumstance, that Ashbrook several times advertised the horse, and made out bills for its services in his own name, and even mentioned to one of the witnesses that he was the owner of it; but it is shown, that posterior to the time alluded to by this witness, Ashbrook always said that the horse belonged to the plaintiff, and so staled to a number of persons. It is also shown to be customary with the keepers of stallions to advertise them in their own names, whether owned by them or not. The plea of prescription is untenable, as Ash-brook never possessed as owner, but as plaintiff’s ageut.

Judgment affirmed.