No. 3831.—WILLIAM A. ELMORE v. FLORENCE A. VENTRESS, Administratrix, and JAMES A. VENTRESS, Executor. (Consolidated).

The prayer of oyer of a promissory note, and for general relief by an executor in a suit against the estate he represents, interrupts prescription on the note.

A citation that is defective by being addressed to a person individually in a suit where such person occupies the representative capacity of admin strator, is cured by such person appearing in his representative capacity and answering to the merits.

The estate of the payee and indorser of a promissory note is not liable thereon, unless legal notice of the dishonor of the note has been given.

Where real property belonging to an estate is covered by a special mortgage which contains the pact of non-alienation, it may be seized and sold under executory process, without the delay of awaiting the due course of administration.

APPEAL from the District Court of Iberville. *Posey, J. Elmore & King*, for plaintiff and appellee. *Barrow & Pope*, for defendants and appellants.

HOWE, J. These consolidated suits were instituted to recover from the estates of John M. Brown and James N. Brown the amount of certain notes due for the unpaid price of a plantation and slaves, in the parish of Ascension.

John M. Brown was maker of the notes, and James N. Brown was payee and indorser of one of them.

There was judgment for the plaintiff, and defendants appealed.

I. The plea of prescription is not well taken. The petitions of plaintiff were filed before prescription occurred, and were directed against the defendants in their representative capacity. Citations. were also issued and personally served, with copies of these petitions, on the defendants personally. James A. Ventress, as executor of J. N. Brown, appealed and praye l oyer and for general relief before the time when it is pretended that prescription accrued, which disposes of the question as to that estate.

The citation to the estate of John M. Brown was informal, being addressed to Florence A. Ventress, instead of to Florence A. Ventress, administratrix; but without excepting she afterwards appeared as administratrix and answered to the merits. The curative power of this answer we think related back to the time when she was personally served with the petition containing a demand on the estate, and with a citation which, though informal, plainly required that plaintiff's demand should be answered by such estate.

II. There is no proof, however, of any notice of dishonor to J. M. Brown. and as he was payee and indorser of the note in respect to which his estate is pursued, notice should have been given. The judicial averment by his executor that he was a surety does not change this rule, which was plainly recognized in Breaux v. Leblanc, 10 An. 97, and Ball v. Greaud, 14 An. 303. As to the estate of J. N. Brown there should be a non-suit.

III. The relative proportion between the value of land and slaves sold seems to have been correctly fixed by the judge a quo.

IV. The questions raised by the answer as to the disquieting of possession by a suit of Mrs. Gaines were correctly disposed of, as we had occasion to decide lately, in the case of Sigur v. Ventress et al.

V. The mortgage contained the pact of non-alienation, and executory process might have issued. A fortiori, then, the court a qua did not err in giving judgment in this ordinary action in such way that it may be executed against the property mortgaged, by writ from the District Court, without the delay of awaiting the due course of administration.

It is therefore ordered that the judgment appealed from be affirmed, except as to the estate of J. N. Brown; that as to the claim against the latter, as indorser, there be judgment of non-suit, and that the costs of appeal be divided between the plaintiff and the estate of John M. Brown.

Rehearing refused.