Statement of the Case.
NICHOLLS, C. J.
The plaintiffs appeal from the judgment of the district court sustaining a peremptory exception of the prescription of one year filed by the defendants against their demand.
The demand set up in this case is upon the same cause of action which was declared up•on on the 31st of December, 1898, in the civil district court, in the names of Samuel A. Marcuse, Abraham J. Wolf, and Marcus J. Wolf, who averred themselves, in their petition, to be citizens of the state of Louisiana, and residents of the parish of Orleans, and conducting a commercial business in the city of New Orleans under the firm name of B. J. Wolf & Sons.
That suit was dismissed by this court upon the ground that the cause of action disclosed by the pleadings having been alleged to have been a tort committed on May 14, 1898, to the injury of the commercial “partnership” of B. J. Wolf & Co., action should have been instituted in the name of the partnership,
Our decree became final on the 22d of May, 1900. Before that date, on May 9, 1900, the suit was brought de novo, this time in the name of the partnership. Our decision in the matter referred to is reported in 52 La. Ann. 1369, 27 South. 893, where the pleadings will be found given in full.
The defendants pleaded a peremptory exception of prescription of one year to this last demand, which was sustained, and it is the correctness of that judgment which is now submitted to us for adjudication.
Opinion.
Appellants refer the court to Flower v. O’Connor, 17 La. 213; Blanc v. Dupré, 36 La. Ann. 849; Becnel v. Waguespack, 40 La. Ann. 112, 3 South. 536; Satterley v. Morgan, 33 La. Ann. 846.
To this list may be added Boyd v. Heine, 41 La. Ann. 393, 6 South. 714.
Appellees refer the court to Knoop v. Blaffer, 39 La. Ann. 23, 6 South. 9, and to Schwartz v. Lake, 109 La. 1081, 34 South. 96.
We presume the district court acted in this case upon the theory that, the Supreme Court having dismissed the first one upon the ground that the action was not brought in the name of the proper party plaintiff, the proceeding must be viewed as not having been taken at all. There is error in this assumption. It was brought by the joining as plaintiffs of the three partners in the firm of Wolf & Sons against the defendant claiming damages to the partnership from this same alleged tort. The partnership was a commercial one. The individual partners were each directly interested in this particular claim, and in its affairs generally, in solido. The case was placed on the docket under a proper title, and the citations issued under that title. For reasons which this court deemed sufficient, it dismissed the suit, believing the manner in which it was brought was not correct practice. It did not follow from this, however, that the proceeding was absolutely without effect. It frequently happens that a defect which may be successfully excepted to for one purpose cannot be successfully urged for another. In this very matter of prescription, a citation issuing from a court without jurisdiction none the less operates an interruption of prescription.
In Vicksburg, S. & T. R. R. v. Barksdale, 15 La. Ann. 466, 467, a party who had sue- *430 needed in having an attachment dismissed for want of a proper bond was yet permitted to recover upon the bond, itself.
The syllabus in Satterley v. Morgan, 33 La. Ann. 848, declares that a long line of authorities have established a distinction between the technical sufficiency of a citation as a basis for the maintenance of proceedings and judgment, and its sufficiency for the purpose of interruption of prescription.
“Citation for the purpose of interruption of prescription need not be technically perfect either in form or service.”
The same may be said of a technical defect in the petition itself.
We think this case is controlled by the line of authorities herein referred to in support of that position. We think the action of the district court sustaining the plea of prescription was erroneous, and that it should be annulled, avoided, and reversed.
For the reasons assigned, the judgment of the district court sustaining defendants’ exception of prescription, and rejecting plaintiff’s demand, and dismissing its suit, appealed from herein, is hereby annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the said exception be overruled, and that the case be reinstated on the docket of the district court.
It is further ordered, adjudged, and decreed that the cause be remanded to the district court, and there proceeded with according to law.