LAND, J.
This suit was instituted against the 15 defendants to recover $30,000 damages for their alleged cruel treatment of the plaintiff, amounting to torture, to force the confession of an alleged crime of which he was not guilty.
One of the defendants, Otto Braum, was not cited, and the suit as to him was dismissed, and need not be considered. The other defendants were cited, but the citations served on them did not bear the impress of the seal of the court, and were set aside on exceptions filed. These defendants were-again cited after the lapse of one year from the date of the commission of the offense charged. They thereupon interposed the plea of prescription of one year, which was sustained by the court below, and plaintiff has-appealed.
The citations served in the first instance were in due form in every respect, save that *345 the impress of the seal of the court was wanting. The sole question to be determined is whether the service of such citations interrupted the current of prescription. Defendants rely on the ease of Schwartz v. Lake, 109 La. 10S1, 34 South. 96. In that case the citation bore the seal of the court, but was not signed by the clerk, and was not dated. The court said:
“It is the clerk’s signature that imparts legal life to the document called a ‘citation.’ Without the clerk’s signature the document is nothing more than mere writing or print.”
In the case at bar, in accordance with the doctrine thus announced, the citations served had “legal life,” and were merely defective in not bearing the impress of the seal of the court.
Article 3518 (3484) of the Civil Code of 1870 reads as follows:
“A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
In White v. McQuillan, 12 La. 534, the court said:
“The same rule applies to the prescription liberandi causa. It is interrupted, although the tribunal be without jurisdiction. The subsequent article speaks of citation of the debtor. We are of opinion that the service of the citation, together with a copy of the petition, although it may not appear that the copy was duly certified by the clerk, is a sufficient judicial demand to interrupt prescription.”
In that ease the alleged defect was that the copy was not certified under seal by the clerk, and therefore was not authentic.
Originally, article 172 of the Code of Practice contained an enactment “that the petition, when either party speaks the French language as a mother tongue, must be drawn in the French and English language.” In Thomas v. Baillo, 7 La. Ann. 415, the court held that, although the law read “must be,” a nonobservance of its requirement was a relative nullity. In Leon v. Bouillet, 21 La. Ann. 651, the court held that prescription was interrupted in such a case by a citation, although the petition was only written in English. In Martinez v. Vives, 30 La. Ann. 818, it was held that service of a citation which did not, as required by the Code of Practice, specify the number of days within which the defendant was called on to appear and answer, interrupted prescription. In Satterley v. Morgan, 33 La. Ann. 846, the citation was addressed to defendant as a resident of New Orleans, and was served on a certain person as agent, when the defendant was a nonresident and the petition did not allege any agency. The citation and service were both defective, but the court held that they were sufficient to interrupt prescription. All of the prior decisions on the same subject-matter were reviewed in that case, and the court summed up as follows:
“Citation, eo nomine, has not been insisted on, nor citation before a court of competent jurisdiction, nor citation technically perfect in form and service.”
The court, after citing Flower v. O’Connor, 17 La. 219, continued as follows:
“In this case it is conclusively established by the admissions in the record that within the prescriptive term a petition setting forth fully the cause of action and a citation addresse'd to the defendant were actually served in his absence upon his attorney in fact, duly authorized by him to receive service thereof and to defend the suit. This was a judicial notification of the claim, conveying to him full knowledge thereof, and, notwithstanding technical defects in the form of citation and in the return, we are of opinion it operated a legal interruption.”
Satterley v. Morgan was cited with approval in Wolf & Son v. N. O. Tailor-Made Pants Co., 110 La. 427, 34 South. 590. Measured by this standard, the absence of a seal on a citation is the most technical of defects, as its presence would not convey any additional notice or information to the defendant.
The law considers the fact rather than *347 the form of judicial notice in the matter of the interruption of prescription. The word “eited,” as used in Civ. "Code, art. 3518, has been construed to mean any kind of judicial notice which brings home to the defendant knowledge of the demand instituted against him, such as notice of seizure and sale in. executory proceedings, or seizure and notice under execution of a 12 months’ bond. Cloutier v. Lemee, 33 La. Ann. 305.
The filing of a reconventional demand, though not served, interrupts prescription. Driggs v. Morgan, 10 Rob. 119. The court may be without jurisdiction, and its proceedings, therefore, absolutely void, and the process issued may be defective, and its service bad, yet, if the judicial notification conveys to the defendant full knowledge of the claim sued on, prescription will be interrupted. Of course, the notice must be judicial, and therefore must be signed and issued by the proper officer. In Schwartz v. Lake, supra, the citation was not signed by the clerk, and the court properly held that it had no legal effect whatever as a judicial notice of the demand sued on.
The purpose of a seal is to attest in a formal manner the execution of an instrument. Black’s Law Dictionary, verbo. Where the authenticity of a citation is not denied, the objection that it does not bear the impress of the seal of the court is purely formal. While such a defect, if urged, would suffice to set aside the service of citation in an ordinary suit, it does not follow that such service would not interrupt prescription. In the case of Wolf & Sons, supra, this court said:
“For reasons which this court deemed sufficient it dismissed the suit, believing the manner in-which it was brought was not correct practice. It did not follow from this, however, that the proceeding was absolutely without effect. It frequently happens that a defect which may be successfully excepted to for one purpose cannot be successfully urged for another. In this very matter of prescription a citation issuing from a court without jurisdiction none the less operates an interruption of prescription.”
. If the absolute nullity of proceedings in a court without jurisdiction does not prevent the interruption of prescription, formal defects in the process issued and served cannot logically prevent such interruption. We, therefore, are of opinion that the service of citations, with copies of petition, in this case interrupted the current of prescription.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that the plea of prescription, filed by the defendants herein, be overruled, and that this cause be remanded to the district court for further proceedings according to law, defendants to pay costs of this appeal.