MONROE, J.
Plaintiff brought suit alleging that J. L. Lyons Lumber Company, domiciled at Lake Charles, was indebted to him in .the sum of $250 by reason of the fact that in October, 1910, whilst engaged in navigating the Calcasieu river, the propeller of his motor boat became entangled in a rope which defendant had caused to be stretched across that river, with the result that the boat was damaged to the extent of $50, and he sustained other loss and damage to a like amount; that on April 2, 1911, another accident occurred in connection with the rope whereby he sustained other damage ; and that he has been further damaged to the extent of $50 by reason of his being compelled to pay an attorney’s fees to that amount.
Citation, addressed to J. L. Lyons Lumber Company, was served September 28, 1911, on “Lyons Lumber Company, by handing the same to W. P. Erwin, its secretary and treasurer, in the office of the said J. L. Lyons Lumber Company, the said W. P. Erwin, Secty. and Treas. being the highest officer in the office at the time of service.” On October 26th following “Lyons Lumber Company, Limited,” appeared in court and filed *876 an exception of want of citation, alleging that the citation to X L. Lyons Lumber Company was not addressed to it, and that W. P. Erwin, its secretary, was not the proper officer through whom it should be cited. Plaintiff thereupon (October 30th) filed a supplemental petition, asking that his original petition be amended by substituting the name “Lyons Lumber Company, Limited,” in place of X L. Lyons Lumber Company, and a new citation was addressed to “Lyons Lumber Company, Limited,” and was properly served on November 3, 1910, “by delivering the same in the office of the said Lyons Lumber Company, Limited, to W. P. Erwin, secretary and treasurer, the president and vice president being out of the office at the time of service”; in other words, by serving the same papers, slightly amended as to- the title of the addressee, in the same office and upon the same individual; and thereafter the company pleaded the prescription of one year as against the claim for damages alleged to have been sustained in October, 1910, and for answer pleaded the general issue and alleged that, if plaintiff had sustained damage, it was through his own fault or that of his employés. The district court overruled the plea of prescription, awarded plaintiff $100 on account of the first accident, and dismissed his suit as to the rest. Plaintiff appears to have acquiesced, but defendant took the case to the Court of Appeals, where the judgment was reversed, the plea of prescription maintained, and the entire demand rejected; and it is the ruling last mentioned that we are called on to review.
The learned judge of the district court held that the service of the first citation, with copy of petition, interrupted prescription. The Court of Appeals held that the citation, having been addressed to X L. Lyons Lumber Company, and not to Lyons Lumber Company, Limited, could not be regarded as a judicial demand upon the company last named, and hence did not operate an interruption of the prescription.
[1] In Satterley v. Morgan, 33 La. Ann. 846, cited by the trial judge, this court refers to a line of authorities which maintain a distinction between the technical sufficiency of a citation as a basis for the maintenance of proceedings and judgment, and its sufficiency for the purpose of interrupting prescription, and specially mentions the following eases in which the prescription was held to have been interrupted:
Where a reconventional demand is filed, though without citation or service. Driggs v. Morgan, 10 Rob. 119.
Where the petition was filed, but plaintiff was unable to obtain service by reason of the absence of clerk or deputy. Smith v. Taylor, 10 Rob. 133.
Where petition and citation were served in English only, though defendant’s native language was French, and the law at that time required that the papers, in such eases, should be in French. Leon v. Bouillet, 21 La. Ann. 651.
Where a person sued as administrator was cited individually. Elmore v. Ventress, 24 La. Ann. 382.
Where citation failed to state number of days for answering. Martinez v. Vices, 30 La. Ann. 818.
To which may be added the followdng:
Where suit was brought by one acting as curator though his appointment -was a nullity. Blanc v. Dupré, 36 La. Ann. 847.
Where suit brought by individual members of a partnership on claim due firm ivas dismissed because not brought in firm name. Wolff v. Tailor-Made Pants Co., 110 La. 427, 34 South. 590.
Where there being two assignments of a judgment, and the second assignee sued to reverse it, and was afterward joined by the first, the citation caused to be issued by the assignee who brought the suit interrupted *878 prescription as to both. Geisenberger v. Cotton, 116 La. 651, 40 South. 929.
Where citation did not bear the impress of the seal of the court. King v. Guynes, 118 La. 344, 42 South. 959.
Where in suit against a municipal corporation citation was addressed to, and with the petition served on, the mayor. Gueble v. Town of Lafayette, 118 La. 494, 43 South. 63.
The Civil Code (article 3518) provides that prescription is interrupted by a citation to appear before a court of justice, “whether the suit has been brought before a court of competent jurisdiction or not.”
In one of the cases above cited it was said:
“The court may be without jurisdiction, and the proceedings therefore absolutely void, and the process issued may be defective, and its service bad, yet, if the judicial notification conveys to the defendant full knowledge of the claim sued on, prescription will be interrupted. * * " If the absolute nullity of proceedings in a court without jurisdiction does not prevent the interruption of prescription, formal defects in the process issued and served cannot logically prevent such interruption.”
The court also in the course of the opinion thus quoted referred to the case of Schwartz v. Lake, 109 La. 1081, 34 South. 96 (cited in the opinion of the Court of Appeals), and distinguished it from the case then under consideration as follows:
“In that case the citation bore the seal of the court, but was not signed by the clerk, and was not dated. The court said: ‘It is the clerk’s signature that imparts legal life to the document called a “citation.” Without the clerk’s signature, the document is nothing more than mere writing or print.’ In the case at bar (the opinion goes on) in accordance with the doctrine thus announced, the citation served had ‘legal life,’ and was merely defective in not bearing the impress of the seal of the court.” King v. Guynes, 118 La. 344, 42 South. 959.
In another of the cited cases, where in a suit against a town the citation was addressed to, and served on, the mayor, this court said:
“There can be no doubt that through those papers he [the mayor] received judicial knowl•edge of the fact that the plaintiff had filed a demand against the town of Lafayette in the district court, what that demand was for, and what the petition prayed for. He was as fully informed upon those points as if the citation which he received had been addressed to the town of Lafayette, and had been placed in his hands. He was the proper person, and the only necessary person to whom that knowledge should be conveyed.” Guéblé v. Town of Lafayette, 118 La. 494, 43 South. 63.
And. so it may be said in this case; for here citation issued from a competent court, bearing its seal and the signature of its clerk, and together with a copy of the petition containing plaintiff’s demand, was served at defendant’s office upon the proper officer, being the same upon whom the second citation was served, and he and defendant, through him, were fully apprised by a judicial demand of the fact and nature of plaintiff’s claim. Our learned Brethren of the Court of Appeals are of opinion that there can be no such thing as a demand upon one person by means of a process addressed to another; and that is no doubt, true where the process is relied on as bringing a person into court in order that judgment may be rendered against him;, but the law as we have seen distinguishes between a case of that kind and a case where the process is relied on merely as interrupting prescription by informing another that a particular demand is being made upon him through a court of justice, since it provides that the prescription is interrupted “whether the suit has been brought before a court of competent jurisdiction or not,” though no one would pretend to assert that a court without jurisdiction would have power to render judgment, or even to compel an appearance, in such a case, the demand thus made through it being mere bfutum fulmen, which is defined to be “a harmless thunderbolt; a noisy but ineffectual menace; a law neither respected nor obeyed.”
And the effect is the same where the process issued from a competent court, and serv *880 ed upon the person intended to be impleaded, is defective only by reason of a slight, technical error, which could mislead no one in the designation of such person, for it conveys to him all the information that could be conveyed by a process from an incompetent court, and is of at least equal authority. We therefore conclude that the plea of prescription now under consideration should have been overruled.
• [2] On the merits of the case, also, we concur with the view expressed by the trial judge as to the first accident. Defendant’s logs and rope obstructed a navigable stream, and plaintiff, exercising reasonable care in the use of that stream, sustained damage thereby at least to the amount awarded. As to the claim said to have arisen from the second accident and from the payment of attorney’s fees, it was dismissed by the trial court, and plaintiff did not appeal, nor, so far as we are informed, did he answer the appeal taken by defendant; he has therefore no standing to revive the claim in this proceeding.
The judgment of the Court of Appeals is set aside, and the judgment of the district court is affirmed; defendant to pay all costs, including those of this court