### BROUSSARD v. MISSOURI PAC. R. CO.

No. 618.

District Court, W. D. Louisiana,
Opelousas Division.

Nov. 27, 1942.

Lewis & Lewis, of Opelousas, La., and Richard R. Kennedy, of Lafayette, La., for plaintiff.

Milling, Godchaux, Saal & Milling and R. E. Milling, Jr., all of New Orleans, La., for defendant.

PORTERIE, District Judge.

The narrative of the facts and the pleadings in this case is inevitably long and is taken, word for word, from the very well and fairly-stated brief of counsel for defendant.

"On February 6, 1942, 22 days prior to the lapse of one year after the accident occurred, John W. Broussard, through his attorneys, filed his complaint in this Honorable Court, which we quote in full as follows:

" 'In the District Court of the United States for the Western District of Louisiana —Opelousas Division.

" 'Complaint

| " 'John W. Broussard | |
|---|---|
| Versus | No. 618 |
| Missouri Pacific Railroad Company, in Receivership. | Civil Action |

" 'To the Honorable Judges of Said Court:

" 'Now comes John W. Broussard, hereinafter named Plaintiff, and files this his Bill of Complaint, complaining of Missouri Pacific Railroad Company, in Trusteeship, hereinafter named Defendant, and for such Bill of Complaint, avers:

" 'I.

" 'The Plaintiff is a resident of the City of Lafayette, Parish of Lafayette, State of Louisiana.

" 'II.

" 'The Defendant is a corporation organized under the laws of the State of Missouri, and is domiciled in the City of St. Louis, said State, but the assets and affairs of the said Railroad Company are presently being operated by Guy A. Thompson, Trustee, pursuant to an order of the United States District Court for the Eastern Judicial District of Missouri, and was so operated at the time hereinafter mentioned.

" 'III.

" 'That the matter in controversy exceeds the sum of Three Thousand ($3,000.00) Dollars, exclusive of interest.

" 'IV.

" 'That New Iberia & Northern Railroad Company, a corporation domiciled in the Parish of Iberia, State of Louisiana, and formerly operating a line of railroad from Port Barre in the Parish of St. Landry, Louisiana, to the City of Franklin, in the Parish of St. Mary, Louisiana, is and was at the time hereinafter mentioned owned, controlled and operated by the said Missouri Pacific Railroad Company, in Trusteeship as aforesaid.

" 'V.

" 'That on February 28th, 1941, at about the hour of 2:30 in the afternoon, Plaintiff was riding in a truck owned and operated by one M. H. Facheau, of the City of New Iberia, Parish of Iberia, Louisiana, but being driven by one Fred Warner, your Plaintiff and said Fred Warner being co-employee of the said Racheau, and being at the time mentioned in the course of their employment in making a trucking trip for their said employer from New Iberia in the Parish of Iberia, to the City of New Orleans in the Parish of Orleans; that said truck was traveling in a southeasterly direction from New Iberia, to the City of New Orleans in the Parish of Orleans on the State controlled paved highway No. 90, and commonly known as the "Old Spanish Trail;" that as the said truck approached the intersection of the said railroad, known as the New Iberia & Northern Railroad, with the said Highway No. 90, Plaintiff was dozing or sleeping in his seat along side of the driver, said Fred Warner, and as the said truck reached the crossing aforesaid, a freight train of the said railroad, owned and operated as aforesaid, backing with the engine reversed, crossed said intersection and collided with said truck, dragging same for a considerable distance, and permanently and painfully in-

752

jurying your Plaintiff, as will be hereafter shown.

### " 'VI.

" 'That just before the impact of the truck and the train, the said Fred Warner jumped out of the truck and hollered to plaintiff to also jump out, but plaintiff being thus suddenly awakened did not have time before the impact to get out of the truck, and said truck was dragged or pulled some 100 feet from the crossing by said train; that when the train hesitated at about the distance aforesaid, the truck was so entangled with the same that the jolt of suddenly hesitating the train threw him out of the truck and under the wheels of the then slowly moving train, and his right arm was entirely severed and his left leg so mashed and lacerated by the wheels of said cars as to subsequently necessitate its amputation.

### " 'VII.

" 'That the crossing in question is a very populous one in the city limits of the City of Franklin and is constantly used by automobilists and other vehicular traffic, and to the knowledge of the employees of the said railroad; that the employees of the said Railroad Company at the time aforesaid were grossly negligent, and particularly in the following respects:

" '1. In backing an engine which was attached to a line of freight cars over the crossing in question without sounding any alarm of its approach, without having anyone posted on the backing engine to warn traffic of its approach and without having a flagman or employee at the crossing to warn approaching traffic.

" '2. In not negotiating the crossing aforesaid with its engine under such control and with sufficiently moderate speed so as to be able to stop in time to avert an accident.

" '3. In not exercising and grasping the Last Clear Chance which the employees of Defendant had and possessed to avoid the collision in the first instant; and further, in not exercising and grasping the Last Clear Chance which the employees had and possessed to stop the train, which they could have done, before dragging the truck to the point where plaintiff was thrown under the wheels of the cars and his injuries sustained, because had the train stopped immediately or within the distance it could have been stopped after the employees saw or could have seen the predicament of plaintiff, he would have been uninjured, and notwithstanding the collision.

### " 'VIII.

" 'That neither plaintiff or the driver of the truck, said Warner, were guilty of any negligence or imprudence whatever, said Warner having exercised every precaution and care in point of law and fact which the occasion and circumstances demanded of him as driver of said truck, but that if even he, the said Warner, was guilty of any degree of contributory negligence, which is denied, such contributory negligence could not be attributed to your plaintiff, because defendant was also guilty of gross negligence, and plaintiff being a guest in said truck and being asleep, could not and did not exercise any control over the operation of said truck; and, besides, he had every reason to assume that said Warner was a careful, prudent and experienced operator of motor vehicles.

### " 'IX.

" 'That plaintiff, as the result of said accident, suffered severe contusions of the hand, numerous and extensive scalp lacerations, leaving permanent scars, mascerated whole right arm and extensive tissue destruction around right shoulder articulation; also left leg crushed to upper third and general contusions and lacerations, together with permanent systemic shock, and the loss of vision in one eye.

### " 'X.

" 'That as a result of such injuries, plaintiff's right arm had to be amputated at the shoulder socket and his left leg amputated five inches from the hip joint, and thus plaintiff, though in early youth, being only twenty-four (24) years of age and vigorous health, is now rendered wholly and permanently disabled and unfit to perform any work whatever of a useful or gainful character.

### " 'XI.

" 'That Plaintiff has suffered damages and is entitled to be awarded damages against the said Msssouri Pacific Railroad Company and/or its Trustee or Receiver and as the result of the negligence, carelessness and imprudence of the employees of the said Railroad in the following sums:

For the loss of his right arm and his left leg ............. $20,000.00

For the loss of his earning capacity and total physical disability ........-.......... 15,000.00

For other hurts, cuts, bruises, abrasions, permanent scars and disfigurements .......... 5,000.00

For suffering and pain........ 10,000.00

For medical treatment, hospitalization and medicines..... 2,500.00

Total ................... $52,500.00

" 'Wherefore, Plaintiff prays that said Missouri Pacific Railroad Company be cited and served through its Trustee, the said Guy A. Thompson, and K. K. Kennedy, City of Baton Rouge, Louisiana, its agent for the service of process in Louisiana; that said New Iberia & Northern Railroad Company be also cited and served, and that upon due hearing had there be judgment in Plaintiff's favor and against the said Missouri Pacific Railroad Company, in Trusteeship, in the full sum of Fifty-two Thousand Five Hundred ($52,500.00) Dollars with judicial interest from date of service hereof, and all costs to be taxed.

" 'And petitioner finally prays for a trial of this cause by a jury, and for general and equitable relief in the premises.

　　　" 'By His Attorneys,
　　　" 'Lewis & Lewis
　　　" 'By (s) John W. Lewis
　　　　　" 'John W. Lewis, Opelousas, La.
　　　" '(s) Richard R. Kennedy
　　　　　" 'Richard R. Kennedy
　　　　　　" 'Attorneys for Plaintiff'

"In the prayer, plaintiff asked for service upon Missouri Pacific Railroad Company—first, through K. K. Kennedy, the corporation's agent for service in Louisiana, and second, through Guy A. Thompson, its Trustee, and further asked that New Iberia & Northern Railroad Company (the corporation) be served. The only prayer for relief is the prayer that 'there be judgment against Missouri Pacific Railroad Company, In Trusteeship' in the amount of $52,500.00."

　　*　　*　　*　　*　　*　　*

"Upon filing this complaint, Plaintiff had three summons issued:

"One reading in part (we quote the pertinent part):

" 'John W. Broussard,
　　Plaintiff
　　　v.
Missouri Pacific Railroad Company, in Receivership
　　Defendant ⎬ Summons

" 'To the above named Defendant: Through K. K. Kennedy, Baton Rouge, Louisiana

" 'You are hereby summoned and required to serve upon
　　" 'Lewis & Lewis, Opelousas, Louisiana, or Richard R. Kennedy, Opelousas, Louisiana,
　　plaintiff's attorney, whose address are above given
　　an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.'

which, with a copy of the complaint, was served on February 13, 1942 (within one year from the accident) upon K. K. Kennedy, who, at the time, was the duly qualified agent for service of process of Missouri Pacific Railroad Company, the corporation;

a second, reading in part:

" 'John W. Broussard
　　Plaintiff
　　　v.
Missouri Pacific Railroad Company, in Receivership
　　Defendant ⎬ Summons

" 'To the above named Defendant: Guy A. Thompson, Trustee for Missouri Pacific Railroad Company, St. Louis, Missouri

" 'You are hereby summoned and required to serve upon
　　" 'Lewis & Lewis, or Richard R. Kennedy
　　plaintiff's attorneys, whose addresses are
　　" 'Opelousas, Louisiana
　　an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.'

which, with a copy of the complaint attached, notwithstanding that H. Payne Breazeale, of Baton Rouge, La., was the agent for service of process of Guy A. Thompson in his capacity as Trustee of Missouri Pacific Railroad Company, Debtor, a fact of public record in the office of the Secretary of State of Louisiana, early in March, 1942 (more than one year after the accident) was either served upon Guy A. Thompson in St. Louis, or left at his office there;

and a third, reading in part:

" 'John W. Broussard
 Plaintiff
 v.
Missouri Pacific Railroad Company, in Receivership
 Defendant } Summons

" 'To the above named Defendant: New Iberia & Northern Railroad Company, through its proper officer for service, New Iberia, Louisiana

" 'You are hereby summoned and required to serve upon

 " 'Lewis & Lewis, Opelousas, Louisiana, or Richard R. Kennedy, Opelousas, Louisiana

 Plaintiff's attorneys, whose address are above given

 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.'

which, with a copy of the complaint, was served on February 13, 1942 (within one year from the date of the accident) on Mr. J. L. Buffington, of New Iberia, La., duly appointed agent for process of New Iberia and Northern Railroad Company, the corporation.

"The foregoing steps were taken by Plaintiff during twelve months after the accident. * * *"

"Although the prayer of the bill of complaint sought judgment only against 'Missouri Pacific Railroad Company, in Trusteeship' and not against any other entity, nevertheless, each of the three summons, which were of the usual printed form, required the party served, either to answer, or if not, that 'judgment by default will be taken against you for the relief demanded in the complaint.'

"Thus called upon to plead, the respective parties so called upon (1) Missouri Pacific Railroad Company, the corporation (service having been made on its duly appointed agent for service) (2) Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor (attempted service having been made upon him in that capacity in St. Louis, more than a year after the accident) and (3) New Iberia and Northern Railroad Company, the corporation (service having been made on its proper agent) filed their several motions to dismiss.

"The motions to dismiss filed by Missouri Pacific Railroad Company and by Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor, were each based on (1) insufficiency of process and (2) lack of jurisdiction because the action did not present a controversy between citizens of different states. The motion to dismiss filed by New Iberia and Northern Railroad Company was based solely on the second of these grounds.

"These motions were fixed for argument May 25, 1942. The attorney for the defendants was ill on that date, and this Honorable Court entered an order that the Motions be submitted on stipulation and briefs to be filed. The attorney for defendants prepared a stipulation which was submitted to the attorney for plaintiff, and prepared a brief which was mailed to the Clerk of this Honorable Court and to plaintiff's attorney on June 9, 1942.

"Plaintiff's attorneys, instead of filing a brief, on June 11, 1942 filed the following amended complaint and procured the following ex parte order:

" 'In the District Court of the United States for the Western District of Louisiana—Opelousas Division.

---

" 'Complaint.

" 'John W. Broussard
Vs. No. 618
Missouri Pacific Railroad Company, in Receivership Civil Action

 " 'Amended Petition

" 'Now into this Honorable Court, in the above numbered and entitled cause, comes John W. Broussard, Plaintiff, and moves to amend his original petition filed herein in this, to-wit:

45

" 'Your Mover moves to amend the caption or title of this action so as to read, as follows:

" 'In the District Court of the United States for the Western District of Louisiana —Opelousas Division.

" 'Complaint

" 'John W. Broussard No. 618
VS. Civil Action
Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor.

" 'II.

" 'Your Mover moves to amend Article 11 of this petition so as to read, as follows:

" 'The Defendant is Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor, pursuant to an order of the United States District Court for the Eastern Division, Eastern Judicial District of Missouri, and was such Trustee at the time hereinafter mentioned.

" 'III.

" 'That Mover moves to amend the prayer of his petition so as to read, as follows:

" 'Wherefore, Plaintiff prays that Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor, through his designated and qualified agent for the service of process in Louisiana, H. Payne Breazeale, Baton Rouge, Louisiana, be cited and served herein, and that upon due hearing had there be judgment in Plaintiff's favor and against the said Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor, in the full sum of Fifty-two Thousand, Five Hundred ($52,500.00) Dollars, with judicial interest from date of service hereof and all costs to be taxed.

" 'And petitioner finally prays for a trial of this cause by a jury, and for general and equitable relief in the premises.

" 'Wherefore, your Mover moves that his original petition and prayer herein be amended as above set out; that Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor, be issued proper and legal process, together with a copy of the original petition and a copy of this amended petition through H. Payne Breazeale, Baton Rouge, Louisiana, his legally constituted and appointed agent for service of process in his capacity aforesaid.

" 'And petitioner prays for general and equitable relief in the premises, and as in his original petition, other than as herein amended.

" 'By His Attorneys,
" 'Lewis & Lewis
" 'By (s) John W. Lewis
" 'John W. Lewis, Opelousas, La.
" '(s) Richard R. Kennedy
" 'Richard R. Kennedy
" 'Attorneys for Plaintiff.

" 'In the District Court of the United States for the Western District of Louisiana Opelousas Division

" 'John W. Broussard
v.
Missouri Pacific Railroad Company, in Receivership Civil Action No. 618

" 'Order

" 'The above premises considered:

" 'It is Ordered that the Amended Petition be filed and that Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, Debtor, be issued proper and legal process, together with a copy of the original petition and a copy of the amended petition, through H. Payne Breazeale, Baton Rouge, Louisiana, his legally constituted and appointed agent for the service of process in his capacity aforesaid.

" 'Rendered and signed in Chambers at Alexandria, Louisiana, this 11th day of June, 1942.

" '(s) G. L. Porterie
" 'Judge' "

* * * * * *

"On June 19, 1942, seven days after filing the amended complaint quoted above, plaintiff filed the following second amended complaint and procured the following ex parte order:

" 'In the District Court of the United States, Western District of Louisiana —Opelousas Division

" 'John W. Broussard No. 618
Vs. Civil Action
Missouri Pacific Railroad Company, in Receivership

" 'Second Amended Petition of John W. Broussard, Plaintiff

" 'Now in this Honorable Court, in the above numbered and entitled cause, comes John W. Broussard, Plaintiff herein, and respectfully moves to amend his original

and first amended petition herein filed, and in the respects and particulars hereinafter set forth.

**" 'I.**

" 'Your Mover shows that he has just recently ascertained the following facts, and which are set forth in Defendant's brief filed herein, thus:

" ' "New Iberia and Northern Railroad Company is a wholly owned subsidiary of the New Orleans, Texas and Mexico Railway Company, a Louisiana corporation, domiciled in Orleans Parish. Over 94% of the capital stock of the latter is owned by Missouri Pacific Railroad Company. On March 31, 1933, New Orleans, Texas and Mexico Railway Company, under the provisions of subdivision a, of Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. a, which relate to subsidiary corporations, filed its petition in the reorganization proceeding aforementioned and Guy A. Thompson was appointed as Trustee of New Orleans, Texas and Mexico Railway Company under the designation 'Guy A. Thompson, Trustee, New Orleans, Texas and Mexico Railway Company, Debtor'.

" ' "On December 1, 1937, under the same provisions of the Bankruptcy Act, New Iberia and Northern Railroad Company filed its petition in the aforesaid reorganization proceeding and Mr. Guy A. Thompson was appointed as Trustee of that road under the designation 'Guy A. Thompson, Trustee, New Iberia and Northern Railroad Company, Debtor'.

**" 'II.**

" 'Your mover further shows that he had no means of ascertaining the above facts which project from Defendant's brief, even after inquiry, because such proceedings were instituted and carried to consummation in the Eastern Judicial District of Missouri in the matter entitled, "Missouri Pacific Railroad Company, Debtor, in Proceedings for the Reorganization of a Railroad Company, No. 6935."

**" 'III.**

" 'That in such proceedings Guy A. Thompson, who was at that time and is at the present time domiciled at and a citizen of the City of St. Louis, State of Missouri, was appointed and qualified as Trustee of the properties, assets and affairs of New Iberia and Northern Railroad Company, Debtor, and whose appointments was ratified and confirmed by Interstate Commerce Commission, under Section 77 of the Act to establish a uniform system of Bankruptcy through the United States, as amended.

**" 'IV.**

" 'That in these circumstances, petitioner desires and now moves to amend the caption of his original and amended petition herein so as to read and appear, as follows:

" ' "In the District Court of the United States for the Western District of Louisiana—Opelousas Division.

" ' "Complaint.

" ' "John W. Broussard No. 618
 Vs. Civil Action
Guy A. Thompson, Trustee,
 New Iberia & Northern Railroad Company, Debtor"

**" 'V.**

" 'Your Mover further shows that he desires and now moves to amend Article 2 of his original and amended petition so as to read, as follows:

" ' "The Defendant is Guy A. Thompson, Trustee, New Iberia & Northern Railroad Company, Debtor, pursuant to an order of the United States District Court for the Eastern Division, Eastern Judicial District of Missouri under the caption and proceedings hereinbefore referred to, and was such Trustee at the time hereinafter mentioned, said Thompson, Trustee aforesaid, being domiciled at and a citizen of the City of St. Louis, State of Missouri."

**" 'VI.**

" 'Your Mover desires to amend and moves to so amend Article 4 of his original petition so as to read, as follows:

" ' "That New Iberia and Northern Railroad Company, a corporation domiciled in the Parish of Iberia, State of Louisiana, and formerly operating a line of railroad from Port Barre, in the Parish of St. Landry, Louisiana, to the City of Franklin, in the Parish of St. Mary, Louisiana, is and was at the time mentioned a wholly owned subsidiary of the New Orleans, Texas and Mexico Railway Company, a Louisiana corporation domiciled in Orleans Parish, Louisiana, and that 94% of the capital stock of the latter railroad was and is owned by Missouri Pacific Railroad Company, but that on December 1, 1937, under the provisions of the Bankruptcy Act aforesaid, the properties, assets and affairs of New Iberia & Northern Railroad Company was

placed in the hands and under the control and operation of Guy A. Thompson, as Trustee of that Railroad Company under the designation 'Guy A. Thompson, Trustee, New Iberia & Northern Railroad Company,' as stated in Article V herein."

## " 'VII.

" 'Your Mover desires and now moves to amend the prayer of his original and amended petition so as to read, as follows:

" ' "Wherefore, premises considered, petitioner prays that Guy A. Thompson, Trustee, New Iberia & Northern Railroad Company, Debtor, be issued process herein, together with copy of this amended petition and the original and first amended petitions and with legal citation, the same to be served on H. Payne Breazeale, Baton Rouge, Louisiana, his duly appointed agent for service of process in Louisiana, and that after the lapse of the legal delays and upon due hearing had there be judgment herein in favor of John W. Broussard, Plaintiff, and against Guy A. Thompson, Trustee, New Iberia & Northern Railroad Company, Debtor, in the sum of Fifty-two Thousand, Five Hundred ($52,500.-00) Dollars, with judicial interest from date of service hereof and all costs to be taxed."

" 'And Petitioner finally prays as in the original and amended petitions, save as may be inconsistent with this amendment, and for general and equitable relief in the premises.

" 'By His Attorneys
" 'Lewis & Lewis
" 'By (s) John W. Lewis
" 'John W. Lewis, Opelousas, La.'

\* \* \* \* \* \*

"In the District Court of the United States for the Western District of Louisiana Opelousas Division

---

" 'John W. Broussard
v.
Missouri Pacific Railroad Company, in Receivership | No. 618
Civil Action

### " 'Order

" 'Let the second amended petition be filed;

" 'It Is Ordered that service issue herein as in the original and amended petitions heretofore filed. Thus done, rendered and signed in Chambers at Alexandria, Louisiana, this 18th day of June, 1942.

" '(s) G. L. Porterie
" 'Judge' "

\* \* \* \* \* \* \*

"Summons, with copies of the original, first amended and second amended complaints were served on June 25, 1942 upon H. Payne Breazeale as agent of Guy A. Thompson, Trustee, New Iberia and Northern Railroad Company, Debtor. The latter filed motion to dismiss on the grounds (1) insufficiency of process; (2) lack of jurisdiction and (3) prescription of one year.

"Except that Traders and General Insurance Co., as subrogee under a workmen's compensation settlement made by plaintiff with his employer, had intervened claiming $2,630.47 out of any judgment procured by plaintiff, this was the state of the record when the Motions came before the Court on July 20, 1942, at which time the pending motions were submitted on brief to be filed."

\* \* \* \* \* \* \*

"Missouri Pacific Railroad Company is, and for many years has been a Missouri corporation which operates a part of its line of railroad in Louisiana. At the time of the train-truck collision (February 28, 1941) out of which this suit arose, and for years theretofore, Missouri Pacific Railroad Company owned 94% of the capital stock of New Orleans, Texas and Mexico Railway Company, a Louisiana corporation with its domicile in Orleans Parish, Louisiana, which operates a railroad within the State of Louisiana. At the time of the accident, and for many years prior, New Iberia and Northern Railroad Company, a Louisiana corporation, with its domicile in Iberia Parish, Louisiana, was a wholly owned subsidiary of New Orleans, Texas and Mexico Railway Company.

"The train-truck collision out of which this suit arose occurred between a truck in which the plaintiff was riding on the highway in St. Mary Parish, Louisiana, and a train that was operated over the New Iberia and Northern trackage, and not over the trackage of either of the other railroads.

"In 1933, Missouri Pacific Railroad Company filed its petition for reorganization under Section 77 of the Bankruptcy Act in the District Court of the United States, Eastern Judicial District of Missouri, in the proceedings entitled 'In the Matter of

758

Missouri Pacific Railroad Company, Debtor,' No. 6935 of the docket of that Court. L. W. Baldwin and Guy A. Thompson (a resident of Missouri) were appointed trustees of Missouri Pacific Railroad Company in that proceeding."

\* \* \* \* \* \* \*

"Pursuant to this provision (Sec. 77, sub. a, of the Bankruptcy Act), New Orleans, Texas and Mexico Railroad Company filed in the aforementioned proceeding, within a short time after Missouri Pacific Railroad Company instituted the proceeding, its own petition for reorganization, and L. W. Baldwin and Guy A. Thompson were also appointed trustees of the New Orleans, Texas and Mexico Railroad Company.

"Some time prior to 1937, L. W. Baldwin resigned as trustee of each of the two corporations mentioned, and thereafter Guy A. Thompson was continued as sole trustee of each.

"In December, 1937, New Iberia and Northern Railroad Company, pursuant to the above quoted provision of the Bankruptcy Act, filed its petition for reorganization in the pending proceeding, and Guy A. Thompson was also appointed trustee of New Iberia and Northern Railroad Company."

And—the narrative is ended.

The multiple demands of the plaintiff in seeking by his suit to give substantial notice to the defendant are basically important in the decision. Also important is the fact that plaintiff's purpose of suit is to be judicially declared a judgment-creditor of the defendant company. Though there will be but one thread of facts which, under the law of prescription, controls in this case, we think it will maintain the plaintiff in court for his day.

Through these repeated services of pleadings, we can always hear plaintiff's voice, as expressed in paragraphs 4, 5, 6, 7 and 8 of the petition. There is itemized in these paragraphs a full and substantial cause of action against the New Iberia and Northern Railroad Company as a Louisiana corporation, without a single allegation missing and to be furnished by amendment. A summons and copy of complaint were left in writing before the expiration of the year from the date of injury with the person of J. L. Buffington, the proper person for service of process on this Louisiana corporation. This person Buffington is possessed of a dual legal personality, as he was at the very same time also employed by Guy A. Thompson, Trustee, New Iberia and Northern Railroad Co., Debtor, as freight and passenger agent. The practical difficulty encountered by plaintiff in keeping his cause of action in court in this case is attributable to the fact that the New Iberia and Northern Railroad Co. is in process of reorganization. By this motion to dismiss, the defendant corporation, while under the hospitality of the court and within the shelter of the law and thus being able to keep creditors from execution by judgment, is seeking to ward off the present claimant by hiding behind this very process of reorganization. It is the old and trite remark again, that the shield of mercy has become the sword of attack. Should defendant company be permitted, when in such condition, to fail to see and hear the efforts of plaintiff—one of its alleged creditors, in good faith seeking to be timely recognized?

 We are using Article 3518 of the Civil Code of Louisiana to decide this case, as we think it is controlling. Under that article the court need not be of competent jurisdiction; and in the instant case it is technically not of competent jurisdiction when the defendant is considered to be a Louisiana corporation; but eventually, through legally permissible amendment of pleadings, it is a competent court after all, that is, when "Guy A. Thompson, Trustee, New Iberia and Northern Railroad Co., Debtor," becomes the defendant. Plaintiff never wavered in knocking and making his cry at the right door. After the first service of process, as above described, through his amended pleadings, which revert to the date of original filing, he never changed, by the least word, paragraphs 5, 6, 7 and 8, as orginally served. After all, it is the same defendant corporation, with the same assets and liabilities as before, but now sheltered by the legal arm of a form of bankruptcy.

██ The service on the corporation as originally made is, by the subsequent amendments, a service on the corporation in process of reorganization.

The case of Anding v. Texas & Pacific Ry. Co., 1925, 158 La. 412, 104 So. 190, 192, says, in part, the following:

"Article 3518 of the Civil Code provides that—

" 'A legal interruption (of prescription) takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.'

"Under this article it is not necessary, in order to interrupt the course of prescription, that the citation be technically correct or even sufficiently correct to form the basis of a judgment, nor is it necessary that the petition state a technically complete cause of action. Thus, in Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63, the plaintiff prayed that the town be cited through its proper officer. Instead of addressing the citation to the town, the clerk addressed it to the mayor, and copies of the petition and citation were served on the latter. This court, while recognizing that the citation was not sufficient to require the town to answer the demand, yet held that, in connection with the copy of the petition served, it was sufficient to interrupt prescription.

"And in McCubbin v. Hastings, 27 La. Ann. 713, in which an exception of no cause of action was sustained, with leave to the plaintiff to amend, it was said:

" 'After the amendment was made, defendant then pleaded the prescription of one year. The plea was properly overruled. The demand was made within the year of the alleged tort. The demand is the test, and not the sufficiency of the allegations which support it.'

"And, in King v. Guynes, 118 La. 344, 42 So. 959, it was said:

" 'The law considers the fact rather than the form of judicial notice in the matter of the interruption of prescription. The word "cited," as used in Civ.Code, art. 3518, has been construed to mean any kind of judicial notice which brings home to the defendant knowledge of the demand instituted against him, such as notice of seizure and sale in executory proceedings, or seizure and notice under execution of a 12 months' bond. Cloutier v. Lemee, 33 La. Ann. 305.'

"And, in Vernon v. Illinois Central R. Co. and Boutrie v. Director General of Railroads, 154 La. 370, 97 So. 493, it appeared that, in the first-named suit, plaintiff asked for judgment against the railroad alone, for damages for the death of her minor son, but had citation addressed to the Director General, and caused it to be served upon him, together with a copy of the petition against the railroad; and, in the second suit, named in the title, which was instituted after the plaintiff's name had been changed by marriage, it appeared that she sued the Director General of Railroads on the same cause of action as the first, that more than a year had elapsed between the death of her son and the bringing of the last-named suit, that the Director General filed a plea of prescription of one year in the second suit, and, in passing upon the question as to whether or not prescription had been interrupted by the first suit, this court held that it had been, and said:

" 'Construing that article (3518 of the Civil Code), this court has decided in numerous cases that a citation to defendant, no matter how informal or insufficient to serve as the basis of a suit and judgment, nevertheless generally sufficed to interrupt prescription.

" 'For the purpose of this case the following seem to us pertinent:

" 'In Blanc v. Dupré, 36 La.Ann. 847, it was held that a suit instituted by the curator of a vacant succession, whose appointment was null, nevertheless interrupted prescription in favor of the heir; citing Flower v. O'Connor, 17 La. [213], 219, holding that—

" ' "If it be established that the defendant had been judicially notified of the titles which are the foundation of the demand, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by suit, there results from said suit a legal interruption in favor of those to whom such rights belong."

" 'In the last-named case the first suit had been brought upon a partnership claim by a surviving partner who did not have authority to represent the other parties in interest, but it was held, nevertheless, that such suit interrupted the prescription in favor of all parties.

" 'In Succession of Saunders, 37 La.Ann. [769], 772, it was held that a suit against a person in his individual capacity interrupted prescription against him in his representative capacity, as executor of another, where the cause of action and thing demanded were the same.

" 'In Succession of Winn, 27 La.Ann. [687], 688, it was held that a rule on an executrix to file an account and sell property, if she had not sufficient funds to pay

760

the claim interrupted prescription as to such claim.

"'On the whole we think the Director General was sufficiently informed, by the citation and petition served upon him, of the nature of plaintiff's claim and of the fact that she was demanding payment thereof; in other words, he was "cited to appear in a court of justice on account of" said claim, sufficiently to interrupt prescription therein.'"

There are a number of similarities in the above-cited cases to our instant case, but we believe that a mere reading of the digest of the cases in the Anding decision makes these similarities sufficiently and pronouncedly evident.

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as to permitted amendments are liberal, and "leave shall be freely given when justice so requires." Rule 15(a). There has been no objection by defendant to the two amendments. "Whenever the claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c).

Now, what is the effect of Louisiana Civil Code, Article 3519, on this case? It reads as follows:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

We have, in the original petition, a full and complete cause of action, and the defendant Louisiana corporation is the right defendant—except the fact that it is under legal shelter is not set out. The service of process is fifteen days before the expiration of the year from the date of injury. Is there not here a full notice of the fact that this plaintiff is possessed of a tort action and is not sleeping it out for the year before making demand?

In the pleading vagaries of the plaintiff from the day he filed his suit, February 6, 1942, to the date that he eventually made service in a technically correct manner, June 25, 1942—a period of 139 days—there never was a word taken out of the allegation of the cause of action in the original petition. In substance it remained absolutely unaltered; and that, in our opinion, is no abandonment, to any degree, of the cause of action and complaint. It is the very opposite of abandonment.

Plaintiff was constantly straining every effort to eventually serve the corporation in the manner upon which a judgment could be predicated—and, concurrently, never did abandon the cause of action as filed against the New Iberia and Northern Railroad, the corporation, not in the slightest degree; which joint effort was, and remained, a constant and repeated interruption of prescription from the moment that the suit was filed. Vernon v. Illinois Cent. R. Co. (Boutrie v. Director General of Railroads), 154 La. 370, 97 So. 493.

The motion to dismiss, therefore, is overruled.

■ There is much law in support of the view that there was service on Guy A. Thompson, Trustee, New Iberia & Northern Railroad, Debtor, by the service made on Buffington, because of his additional character of freight and passenger agent, employed at the time of service by Guy A. Thompson, Trustee, New Iberia & Northern Railroad Co., Debtor. See Anding case, supra, 104 So. at page 193. The case of Eddy v. Lafayette, 163 U.S. 456, 16 S.Ct. 1082, 41 L.Ed. 225, cited therein, should be compared. We recognize the want of direct application of the latter case to the instant case, but we wish to develop the slightness of the dissimilarity. Quoting from the decision (163 U.S. at page 463, 16 S.Ct. at page 1084), we find: "The affidavit of J. W. Williams was to the effect that at no time was he ever the agent of the Missouri, Kansas & Texas Railway, a corporation within the Indian Territory, but that since the month of June, 1887, he has been station agent for George A. Eddy and H. C. Cross, receivers of the Missouri, Kansas & Texas Railway Company, and has been such agent at said town of Muscogee, in the Indian Territory."

We gather from the case that, by Congressional extension, certain general laws of Arkansas were made to apply in the Indian Territory; and according to those laws, service within the Indian Territory upon the agent of a foreign corporation was sufficient to confer jurisdiction. This

is not so in Louisiana, since there is provision for the designation by foreign corporations of special agents registered with the Secretary of State. La.Act 184 of 1924, Sec. 1, La.Act 335 of 1938, Sec. 1, Dart's La.Gen.Stats. Sec. 1250. But there is in Louisiana paragraph (b) of Sec. 26 of Act 267 of 1914, Dart's La.Gen.Stats. Sec. 1249, reading as follows: "If the agent, or agents, mentioned in paragraph (a) of this section, can not be found, then service may be made upon any regularly employed agent or employee of the corporation, over eighteen years old, in any office which the corporation may have established and maintains in this state."

It is true that paragraph (a) of the same section qualifies the applicability of the above-quoted paragraph: "That service of all legal process on any foreign corporation subject to the provisions of this act shall be made * * * (a) On any agent, or agents, which the corporation may have designated, in accordance with existing laws, as agent, or agents, for service or process. This service may be made wherever the agent, or agents, may be found."

But paragraphs (a) and (b) together do not say that if the corporation has designated an agent for the service of process, that there could not be any service "upon any regularly employed agent or employee of the corporation." It merely says, as a matter of expediency, that if the designated agent "can not be found", then service of process may be under paragraph (b). There is a strongly implied substance of valid process even for judgment purposes, when service is made on the employed agent of the corporation. But basically (and here is our real point) we are not here concerned with a service of process upon which a judgment has to be predicated; we are dealing here with the matter of legal interruption of prescription under Article 3518 of our Louisiana Code, which is accomplished when the defendant is notified "judicially of the rights which are sought to be enforced against him and of the plaintiff's intention to enforce them." 14 Tulane L.R. 606. See, also, Flower v. O'Connor, 1841, 17 La. 213, 219; Satterley v. Morgan, 1881, 33 La.Ann. 846, 848; King v. Guynes, 1907, 118 La. 344, 347, 42 So. 959; Babin v. Lyons Lumber Co., 1913, 132 La. 873, 61 So. 855, 856.

Our whole argument that service of process on Buffington was service of process on Guy A. Thompson, Trustee, New Iberia & Northern Railroad Co., Debtor, is merely persuasively cumulative; it is not to mean in any degree that our overruling of this motion to dismiss depends at all upon this part of the argument.

We now present a separate and additional ground for our ruling.

The two amendments permitted by the court do not change the date of first notice; the amendments, by and in which the cause of action is not changed or even modified, go back to the original service. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488; Callender v. Marks, 185 La. 948, 171 So. 86.

In his first amendment to the pleadings, as has been previously narrated, plaintiff persisted in his original theory that the three corporations were as one; very likely, for want of time, failed to read the very explicit brief of defendant; and continued in the thought that the Missouri Pacific system of railroads was under one lone process of reorganization—that there were not, in truth, three federal reorganizations, though the least in size of the three corporations was totally owned by the second, and the second was 94% owned by the first.

Judicial notice of demand based on a well-defined tort action is served five times on legal entities, two of which have one common trustee, Mr. Guy A. Thompson, and, within necessary geographical divisions, have one common attorney. Plaintiff was so zealous in wanting to give judicial notice, and time was flying so fast, that he completely remained in his original belief and overlooked the reading of defendant's first brief when he filed his first amended complaint, not thinking that the brief would be so frankly sincere and so clearly informative. But seven days later, the eyes of plaintiff are at last opened, and he amends again, with permission of the court, and this time finally and eventually hits the bull's eye and takes out all previous parties defendant, perhaps legally and technically separated one from the other, but in operation and in assets so closely linked together. We find now service of process made upon the properly designated agent of Guy A. Thompson, Trustee, New Iberia and Northern Railroad Co., Debtor. However, from the very first filing of the petition until now—when the right technical defendant is cited—the plaintiff has never left a competent court for his cause of

action. The recent case of Thompson v. Gallien, 5 Cir., 127 F.2d 664, is particularly, if only partially, applicable here in supporting the principle that there is interruption of prescription if suit and service be timely, outlining fully a cause of action against the corporation, and be followed later by suit against the reorganization trustee, though the latter suit and the service of process thereon be after the expiration of one year from date of injury.

To be more specific, we quote the language of the court at page 665 of 127 F.2d: "The service of process is a step essential to the exercise of jurisdiction by a court. If the court had jurisdiction of the subject matter of the suit, it was its proper function to issue its process, repeatedly and in various forms if need be, to compel any one within the bounds of its jurisdiction to submit thereto. Therefore, unless the cause of action sued upon had ceased to exist by virtue of peremption or had become barred by prescription, the motions to dismiss properly were overruled."

▮ The above language is definitely significant to the present case. The cause of action contained in paragraphs 5 to 8 is clearly of jurisdiction ratione materiae in this court, and when the suit is filed containing it, and service is made on the defendant, as a corporation, though in process of reorganization, before the end of the year, the running of prescription is interrupted (renewal is de novo—good then for another year); then on June 25, 1942, when service of process is had of this cause of action on Guy A. Thompson, Trustee, New Iberia & Northern Railroad Co., Debtor, jurisdiction ratione personae is established. The suit is then legally alive and jurisdictionally ready for disposition of its issues by this court.

So, for the second time, through separate reasoning, we find from the facts and the applicable law that the motion again must be overruled.

"Article 3518 does require an official notice, but it would seem that for the purpose of interrupting prescription, the better view would require no more than a bona fide attempt to satisfy all the technicalities of a judicial citation and a colorable compliance with them." 14 Tulane L. R. 607. And again, at page 611 of the same Comment: "Where the defendant has been informed by some judicial notice of the demand against him and of the intention to have the demand litigated, the courts have properly held that the prescription running against the claim is interrupted."

▮ Another reason now for our ruling, and this is the last one; it is not beyond routine mental reasoning to find that Act 39 of 1932 applies in this case. The act says (Section 1): "Be it enacted by the Legislature of Louisiana, That the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the *cause of action* therein sued upon, against all defendants, including minors and interdicts." (Italics ours.) This court, after all, is a court of competent jurisdiction and the only reason for the slightest question of the want of applicability of this act is because the service originally prayed for and timely made is on the *corporation,* and not on the *trustee of the corporation in process of reorganization.* The latter service occurs after the lapse of one year from the date of the injury. The doctrine of the Gallien case, we think, permits this slight shortcoming.

We are dealing here with a supposed debtor who moves to be exonerated of his debt, not by paying it, but merely because the supposed creditor has not pressed or has not made a judicial demand for his claim within a certain lapse of time.

Judgment will be signed accordingly upon presentation.